```
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**MARK ALAN LANE,**

        Petitioner,

   v.                             CASE NO. 16-3056-JWL

**CLAUDE MAYE, Warden,**

        Respondent.

<u>**MEMORANDUM AND ORDER**</u>

This pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 was filed by an inmate of the United States Penitentiary in Leavenworth, Kansas. The court dismisses this action without prejudice because it lacks statutory jurisdiction to decide petitioner's challenges to his federal sentence or conviction under Section 2241.

Petitioner pleaded guilty in the United States District Court for the Southern District of Indiana to "one count of conspiracy to possess with intent to distribute and to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and one count of conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h), (a)(1)(A)(i), without the benefit of a plea agreement." *United States v. Lane*, 52 Fed.Appx. 838 (7th Cir. 2002). He was sentenced to a 360-month prison term on the drug count and a concurrent 240-month term on the money laundering count, followed by five years

of supervised release.  *Id.*  On direct appeal, petitioner contested "the district court's imposition of a three-level upward adjustment under U.S.S.G. § 3B1.1(b) for his aggravating role in the offense."  *Id.*  The Circuit Court affirmed the sentence on December 2, 2002.

Petitioner also filed an initial motion under 28 U.S.C. § 2255 in the sentencing court claiming that his plea attorney was ineffective and that "the Sentencing Guidelines were improperly applied through the computation of his offense level."  See *United States v. Lane*, 2005 WL 1421496, *1 (S.D.Ind. 2005).  His motion was denied on June 16, 2005.  He apparently did not appeal that denial.[1]  The court takes judicial notice of the files in *USA v. Lane*, Case No. 01-cr-00003 (S.D.Ind.).  The last entry on that criminal docket (Doc 139) indicates that Mr. Lane currently has a motion pending that seeks sentence reduction based on amendment to the U.S. Sentencing Guidelines.

---

[1]     Since 2010, Mr. Lane has filed numerous pro se motions asserting that the court lacked jurisdiction and seeking discharge of judgment.  On March 26, 2014, the Seventh Circuit entered the following order:

> "[T]he district court has already dismissed the petitioner's habeas corpus action, noting that petitioner has previously brought at least six unauthorized collateral attacks on his sentence. (citations omitted).  Accordingly, the petitioner is fined $500.  Until he pays that sum in full to the clerk of this court, he is barred from filing further civil suits in the courts of this circuit . . . ."  Moreover, any papers he submits attacking his current criminal conviction will also be returned unfiled.

*Id.* (Doc. 123)(S.D.Ind, March 26, 2014)(USCA # 14-1624).

As Ground One in his § 2241 petition, Mr. Lane asserts that his detention is illegal "from an invalid sentence." In support, he alleges that the judge violated due process by imposing a sentence not authorized by the Sentencing Guidelines when he "changed 500 grams to 500 kilograms and failed to look at the Crime, the drug amount." As Ground Two, petitioner asserts that his detention is illegal because the Judgment and Commitment Order is void. In support, he alleges the same facts. He adds that he was "never arraigned on a drug conspiracy and plead to a drug conspiracy" and that the court failed to protect him from the Government attorney.

A petition under § 2241 is not an additional, alternative, or supplemental remedy to the relief afforded by a motion in the sentencing court under § 2255.[2] *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). It does not ordinarily encompass claims of unlawful detention based on challenges to the conviction or sentence of a federal prisoner. *Id*. Recently, the Tenth Circuit succinctly summarized its relevant precedent as follows:

---

[2]   28 U.S.C § 2255(a) provides as follows:

>   A prisoner in custody under sentence of a (federal) court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States. . , or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

*Id.*

> Section 2241 petitions attack "the execution of a sentence rather than its validity. . ." [*Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011)]; and object to "the nature of a prisoner's confinement."[3] [*Prost*, 636 F.3d at 581]. Conversely, federal prisoners who wish to attack the legality or validity of their sentence or conviction generally are limited to pursuing that goal through a § 2255 petition filed in the district that imposed the sentence. *Brace*, 634 F.3d at 1169 (noting § 2255 petitions are generally "the exclusive remedy" for these prisoners). Thus, a district court usually lacks statutory jurisdiction over a § 2241 petition that professes to attack the legality or validity of the prisoner's detention, see *Abernathy v. Wandes*, 713 F.3d 538, 557–58 (10th Cir. 2013), which Alvarez's § 2241 petition clearly does.
>
> In narrow circumstances, however, § 2255(e)'s "savings clause" allows a federal prisoner to challenge the legality of his detention under § 2241 if he shows the "remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." *Brace*, 634 F.3d at 1169 (alteration in original). But "[o]nly in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010). Examples of true inadequacy include cases where the original sentencing court has been abolished, the sentencing court refuses to consider the § 2255 motion, or a single sentencing court lacks the ability to "grant complete relief when sentences have been imposed by multiple courts." *Id.*

*Alvarez v. Maye*, 624 Fed.Appx. 655, 656-57 (10th Cir. 2015). Section 2255 provides a mechanism under which prisoners must seek permission from the "appropriate court of appeals" to file a second or successive petition in the appropriate district. 28

---

[3] They challenge "some matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters." *McIntosh v. U.S. Parole Com'n*, 115 F.3d 809, 812 (10th Cir. 1997).

4

U.S.C. § 2255(h)(2).[4]  Whether the Seventh Circuit would grant that request does not affect this court's decision.  "[T]he [savings] clause is concerned with process—ensuring the petitioner an opportunity to bring his argument—not with substance—guaranteeing nothing about what the opportunity promised will ultimately yield in terms of relief.".  See *Prost*, 636 F.3d at 584; *Barnett v. Maye*, 602 Fed.Appx. 717, 719 (10th Cir. 2015).[5]  It is petitioner's burden to show that the remedy under § 2255 is inadequate or ineffective.  *Abernathy*, 713 F.3d at 549; *Brace*, 634 F.3d at 1169.

Having carefully considered the petition under the foregoing standards, the Court easily makes two findings that necessitate summary dismissal of this action.  First, the claims in this federal petition are undoubtedly challenges to

---

[4]  Section 2255(h) provides:

>  A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
>  (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
>  (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*Id.*

[5]  The one-year statute of limitations in Section 2255(f) is a second gate-keeping provision.  Dismissal under this provision does not render the § 2255 remedy inadequate or ineffective.  A habeas petitioner may not avoid the statutory gate-keeping restrictions in § 2255 by simply recasting his claims as being brought under § 2241.

5

petitioner's federal sentence or conviction. Second, the Court lacks jurisdiction under Section 2241 to determine the merits of petitioner's claims because he makes no effort to satisfy the savings clause test and the few facts he does allege do not call for its application. Petitioner attempts to avoid the savings clause instead by mischaracterizing his claims as challenges to the execution of his sentence and arguing that his conviction is "void."[6] Suffice it to say that petitioner does not win his freedom from his standing convictions by merely arguing that his conviction is void. Petitioner also argues that his "actual innocence claim could not be reached on direct appeal" or in his Section 2255 motion, because the "Court/Government obstructed his procedural shot at properly presenting the claims/grounds." This argument is not supported by any facts showing actual innocence and is refuted by the record of petitioner's criminal case showing his many repetitive and apparently abusive filings as well as a relevant pending motion. Petitioner could have raised his claims on either direct appeal or in his initial § 2255 motion since the facts regarding his sentence and plea were available at those time and apparently has raised similar arguments. In any event, the instant petition amounts to a second and successive challenge to petitioner's conviction and

---

[6] The Court rejected this frivolous argument in *Brennan v. United States*, Case No. 15-3254-JWL (D.Kan. Dec. 3, 2015).

sentence, and petitioner fails to demonstrate that his remedies under § 2255 were or are inadequate or ineffective. Consequently, this court lacks statutory jurisdiction to address the merits of petitioner's claims.[7]

**IT IS THEREFORE ORDERED** that this petition for writ of habeas corpus is dismissed without prejudice.

**IT IS FURTHER ORDERED** that the form petition (Doc. 1) is accepted by the court, and the portion of the Notice of Deficiency directing petitioner to re-submit his petition upon this court's forms is withdrawn

**IT IS FURTHER ORDERED** that petitioner is denied leave to proceed in forma pauperis because he failed to file a proper motion with financial information in support.[8]

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 9th day of March, 2016.

                                                              s/ John W. Lungstrum
                                                              **JOHN W. LUNGSTRUM**
                                                              **U.S. DISTRICT JUDGE**

---

[7] Petitioner's only proper procedural vehicle is to seek preauthorization from the Seventh Circuit Court of Appeals to file a successive § 2255 motion in the sentencing court. This court exercises its discretion to dismiss rather than transfer this petition because it is untimely on its face and petitioner's claim does not appear to satisfy the standards for preauthorization.

[8] Petitioner must either pay the $5.00 filing fee or submit a proper motion within the deadline set forth in the Notice of Deficiency, which remains in effect.